**ALVERSON TAYLOR & SANDERS**
KURT R. BONDS, ESQ.
Nevada Bar #6228
PATRICE STEPHENSON-JOHNSON
Nevada Bar #12283
6605 Grand Montecito Parkway
Suite 200
Las Vegas, Nevada 89149
(702) 384-7000
efile@alversontaylor.com
*Attorneys for Walmart Transportation, LLC. and*
*Geoffrey Morrow*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| GREGORY ROBERTS, an individual,<br><br>           Plaintiff,<br>vs.<br><br>GEOFFREY MORROW, an individual; WAL-MART TRANSPORTATION, LLC, a Foreign Limited-Liability Company; WALMART INC., a Foreign Corporation, dba WALMART and as WAL-MART; DOES 1 through 50, inclusive; and ROE ENTITIES 1 through 50, inclusive,<br><br>           Defendants. | CASE NO.<br><br>[District Court, Clark County Case No.: A-21-844966-C, Dept. No.: 14] |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1332, 1441, and 1446, Defendants Walmart Transportation, LLC. Inc., and Geoffrey Morrow ("Defendants") hereby files this Notice of Removal of the above referenced action from the Eighth Judicial District Court of the State of Nevada in and for the County of Clark, to the United States District Court for the District of Nevada. In support of removal of this action, Defendant states as follows:

### I.  BACKGROUND

1.  On December 3, 2021, Plaintiff, Gregory Roberts ("Plaintiff"), filed his Complaint against Defendant and various fictitious parties in the Eighth Judicial District Court, Clark County,

KB/27666

Nevada, Case No. A-21-844966-C. A true and correct copy of Plaintiff's Complaint is attached hereto as **Exhibit A**.

2. Pursuant to 28 U.S.C. § 1441(b), the citizenship of the fictitious defendants shall be disregarded in determining whether jurisdiction lies. *See* 28 U.S.C. § 1441(b)(1) (regarding removal based on diversity of citizenship, "in determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) [setting forth requirements for diversity jurisdiction] of this title, the citizenship of defendants sued under fictitious names shall be disregarded.")

3. Plaintiff's Complaint pleads five causes of action: 1) Negligence (Negligence Per Se/Respondeat Superior/Vicarious Liability), 2) Negligence Per Se, 3) Respondeat Superior/Vicarious Liability, 4) Negligent Hiring, Training and Supervision, and 5) Negligent Entrustment. These causes of action relate to an alleged incident where Plaintiff was allegedly injured in a vehicular collision.

4. For damages in his Complaint, Plaintiff prays for judgement against Defendant for general damages in excess of $15,000 and in an amount to be determined at time of trial; special damages in excess of $15,000 and in an amount to be determined at time of trial; for a sum to be determined for past and future medical expenses; for a sum to be determined for past and future physical and mental pain, suffering, anguish, disability, and emotional distress; for a sum to be determined for loss of household services and enjoyment of life; for a sum to be determined for lost profits, income, wages and future earnings; for interest on all sums according to law; for a reasonable amount as and for attorney's fees incurred; for a reasonable amount as and for costs of suit incurred; and such other and further relief the Court deems just and proper. *See* **Exhibit A**, pp. 10-11.

/ / /

KB/27666

## II.  TIMELINESS OF REMOVAL

5. Generally, notice of removal must be filed within 30 days of the defendant's receipt of a copy of the initial pleading in an action. *See* 28 U.S.C. § 1446(b).

6. However, there is an exception to the general rule outlined in 28 U.S.C. § 1446(b), which states:

> "[I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper *from which it may first be ascertained* that the case is one which is or has become removable."

28 U.S.C. § 1446(b)(3) (emphasis added).

7. Defendant, through its registered agent, was served with a copy of the Complaint on March 18, 2022.

8. However, as stated above, the case, as stated by the initial pleading (the Complaint), was not removable because, although there is complete diversity between the parties, it was not apparent from the face of the Complaint that there was a sufficient amount in controversy.

9. On April 25, 2022, Plaintiff filed his Request for Exemption From Arbitration which indicated that he was claiming past medical and related expenses of $253,488.50. *See* Pltf's Request for Exemption from Arbitration, p. 6, attached hereto as **Exhibit B**.

10. Based on this Request for Exemption from Arbitration, it has become apparent that the amount in controversy is sufficient to make this case removable, and therefore the Request filed by Plaintiff on April 25, 2022 is the first papers from which it may be ascertained this case is removable.

11. Thus, this Notice of Removal is timely as it has been filed within thirty (30) days of the receipt by Defendant, of Plaintiff's Request for Exemption from Arbitration.

KB/27666

### III.     DIVERSITY JURISDICTION

12. This Court has original subject matter jurisdiction over this action pursuant to the diversity jurisdiction statute codified at 28 U.S.C. § 1332, which provides in pertinent part that the "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between…citizens of different states." 28 U.S.C. § 1332(a)(1). As set forth below, the requirements for subject matter jurisdiction are satisfied because there is complete diversity of citizenship between Plaintiff and Defendants, and the amount in controversy exceeds $75,000, exclusive of interests and costs.

A.     There Exists Complete Diversity of Citizenship

13. For the purpose of diversity jurisdiction, an individual is a citizen of the state in which he is domiciled. *See Newman-Green, Inc. v. Alfonzo-Lorrain,* 490 U.S. 826, 828 (1989). For the purposes of diversity jurisdiction, an individual is domiciled in the single state where he resides if the individual has no present intention to reside in another state. *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

14. For the purpose of diversity jurisdiction, a limited liability corporation shall be deemed a citizen based upon the citizenship of each of its members. *See Carden v. Arkoma Assoc.*, 494 U.S. 185 (1990). (holding that a limited partnership has the citizenship of each of its partners, whether general or limited).   The principal place of business is not relevant to a limited liability company's citizenship.

15. The Plaintiff in this action is domiciled in, and a resident of, Clark County, Nevada. *See* **Exhibit A** at ¶ 1.

16. Defendant Geoffrey Morrow is a resident of the State of Utah. *See* **Exhibit A** at ¶ 2.

/ / /

KB/27666

17. Defendant Wal-Mart Transportation, LLC is a Delaware limited liability company with its principal place of business in Bentonville, Arkansas. The sole member of Wal-Mart Transportation, LLC is Wal-Mart Stores East, LP. Wal-Mart Stores East, LP is a Delaware limited partnership. WSE Management, LLC is the sole general partner of Wal-Mart Stores East, LP, and WSE Investment, LLC is the sole limited partner. The sole member of WSE Management, LLC and of WSE Investment, LLC is Wal-Mart Stores East, LLC. Wal-Mart Stores East, LLC is an Arkansas limited liability company with its principal place of business in Arkansas. The sole member of Wal-Mart Stores East, LLC is Walmart Inc. Walmart Inc. is a Delaware corporation with its principal place of business in Bentonville, Arkansas. Therefore, Wal-Mart Transportation, LLC is, for diversity purposes, a citizen of Delaware and Arkansas.

18. Plaintiff's Complaint includes the assertion that Defendant Walmart Transportation, LLC. is authorized to and conducts business in Clark County, Nevada. *See* Exhibit A at ¶ 4-5. However, this assertion is irrelevant to the question of diversity because citizenship of a limited liability corporation for the purpose of diversity jurisdiction is determined by the citizenship of each member.

B.  The Amount in Controversy Exceeds $75,000, Exclusive of Costs and Interest

1. "In determining whether the defendant has established that diversity jurisdiction exists, the district court must first consider whether it is 'facially apparent' from the complaint that the jurisdictional amount in controversy requirement is met." *McCaa v. Mass. Mut. Life Ins. Co.*, 330 F. Supp.2d 1143, 1145 (D.Nev. 2004) (citing *Singer v. State Farm Mut. Auto Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997)). "[I]f a plaintiff's complaint fails to specify damages, or specifies damages in an amount less than the jurisdictional minimum, the defendant must show, by a preponderance of the evidence, facts demonstrating that the amount involved in the litigation exceeds the statutory jurisdictional threshold." *Id.* (citing *Sanchez v. Monumental Life Ins. Co.*,

KB/27666

102 F.3d 398, 403-4 (9th Cir. 1996)); *see also Sterling Sav. Bank v. Portfolio Group Mgmt., Inc.*, No. 3:12-cv-00374-LRH-WGC, 2012 WL 3277159, * 2 (D.Nev. Aug. 9, 2012).

2. Consistent with the requirements of Nevada law, Plaintiff's Complaint only states that the damages suffered by Plaintiff are in excess of $15,000. This is insufficient to make it facially apparent from the Complaint that the amount in controversy requirement is met.

3. However, as discussed above, Plaintiff's Request for Exemption from Arbitration served on Defendant on April 25, 2022 makes it apparent that the amount in controversy in this matter does actually exceed $75,000.

4. In his Request for Exemption from Arbitration, Plaintiff claims he has suffered $253,488.50 in past medical expenses incurred to date. *See* Exhibit B at p. 6.

5. Plaintiff also claims that he has incurred expenses for past and future medical expenses; past and future physical and mental pain, suffering, anguish, disability, and emotional distress; loss of household services and enjoyment of life; lost profits, income, wages and future earnings; and interest on all expenses. *See* **Exhibit A** at pp. 10-11.

6. On top of these alleged damages, Plaintiff is also seeking attorneys' fees. *See* Exhibit A at p. 11. Based on this, there can be no doubt that the total amount in controversy exceeds the $75,000 threshold for diversity jurisdiction.

### IV.   VENUE IS PROPER IN THIS DISTRICT AND DIVISION

7. Plaintiff filed her Complaint in the Eighth Judicial District Court of the State of Nevada in and for the County of Clark, which lies in the United States District Court for the District of Nevada. Accordingly, venue is proper pursuant to 28 U.S.C. § 1441(a).

/ / /

/ / /

/ / /

KB/27666

## V. THE OTHER REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED

8. A Notice of Filing Notice of Removal, with a copy of this Notice of Removal attached, will promptly be filed with the Clerk of the Eighth Judicial District Court of the State of Nevada in and for the County of Clark, as required by 28 U.S.C. § 1446(d).

9. A written notice of the filing of this Notice of Removal will be given to Plaintiff as required by law pursuant to 28 U.S.C. § 1446(d).

10. Additionally, as required by 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders filed in the underlying state court action are attached hereto as **Exhibit C**.

11. The allegations of this Notice of Removal are true and correct and this cause is within the jurisdiction of the United States District Court for the District of Nevada.

12. If any question arises as to the propriety of the Removal of this action, Defendants request the opportunity to present a brief and oral argument in support of its position that this civil action is removable.

DATED this 25th day of May, 2022.

ALVERSON TAYLOR & SANDERS

*/s/ Kurt R. Bonds*

_____
KURT R. BONDS, ESQ.
Nevada Bar #6228
PATRICE STEPHENSON-JOHNSON
Nevada Bar #12283
6605 Grand Montecito Parkway
Suite 200
Las Vegas, Nevada 89149
(702) 384-7000
*Attorneys for Walmart Transportation, LLC. and Geoffrey Morrow*

KB/27666

# CERTIFICATE OF MAILING

I HEREBY CERTIFY that on the 25th day of May, 2022, service of the foregoing **NOTICE OF REMOVAL** was made this date via email and by depositing a true copy of the same for mailing, first class mail at Las Vegas, Nevada, addressed as follows:

Robert B. Sidell, Esq.
Nevada Bar No. 1196
Robert H. Sidell, Esq.
Nevada Bar No. 14620
SIDELL INJURY LAW
3415 West Charleston Blvd.
Las Vegas, NV 89102
sidell.law@gmail.com

*/s/ Teri Jenks*

An Employee of ALVERSON TAYLOR & SANDERS

N:\CLIENTS\27600\27666\Pleadings\Roberts Petition for Removal.docx

**ALVERSON TAYLOR & SANDERS**
LAWYERS
6605 GRAND MONTECITO PKWY STE 200
LAS VEGAS, NV 89149
(702) 384-7000

KB/27666